UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Stephen Thomas Yelverton | ) | |
| Debtor/ Plaintiff/Appellant | ) | Case No. 1:14-cv-346-CRC |
| | ) | |
| v. | ) | Adversary No. 10-10045 |
| | ) | |
| District of Columbia | ) | Bankruptcy No. 09-00414 |
| | ) | Chapter 7 |
| Defendant/Appellee | ) | |

MOTION FOR LEAVE FOR RECUSAL OF THE JUDGE PER FRCP 63

COMES NOW, Plaintiff/Debtor Stephen Thomas Yelverton, pursuant to Fed. R. Civ. P., Rule 63, and requests Leave for Recusal of the Judge from this proceeding based upon documented personal Bias and Prejudice against the Debtor, and for this proceeding to be reassigned to another Judge.  An Affidavit per 28 U.S.C. 144 is attached.

The Law as to Recusal under 28 U.S.C. 144

1. The provisions of 28 U.S.C. 144 state in pertinent part that when a party files a timely and sufficient Affidavit that the Judge has a personal Bias or Prejudice against him, such Judge shall proceed no further, and another Judge shall be assigned.

2.  Judicial rulings may constitute a valid basis for the finding of Bias or Prejudice by a Judge, if the rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  A particular judicial ruling can be evidence of an opinion derived from or based upon extrajudicial Bias or Prejudice by the Judge.  Liteky v. United States, 510 U.S. 540, 555 (1994); U.S. v. Marin, 662 F.Supp.2d 155, 158 (D.D.C. 2009).

3. Judicial rulings not "rooted in the record" can be the basis for extrajudicial Bias and Prejudice by a Judge.  U.S. v. Roach, 108 F.3d 1477, 1484 (D.C. Cir. 1997).

1

Code of Conduct for United States Judges

4. Canon 3 (A)(4) and the Commentary as to ex parte communications:

"A Judge should not initiate, permit, or consider ex parte communications, or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." "The restriction on ex parte communications concerning a proceeding includes communications from others who are not participants in the proceeding."

Statement of the Facts

5. In Opinion and Order, at pp. 5-6, entered August 6, 2014, in Case No. 1:13-cv-1544-CRC, the Judge made rulings that were not based upon Record evidence from any proceeding. Therein, the Judge stated:

"in Yelverton v. Fox, Case No. 1:13-cv-314-RWR, the Debtor sued the counsel for the District of Columbia Court of Appeals who had sat on the Hearing Committee that heard ethics charges against him," that his filings in that case were "frivolous" and "vexatious," and are a "particularly striking example of his penchant for abusive filings."

6. However, the Record in that Case shows the Debtor filed by Counsel a Section 1983 action for Constitutional claims against Hamilton P. Fox, III, in his Official Capacity as prosecutor for the Office of Bar Counsel ("OBC"), for alleged misconduct prior to the Specification of Charges by engaging in retaliatory prosecution. See, Middlesex Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

7. The Record in Case No. 1:13-cv-314-RWR shows the District Court has made no findings or conclusions that the Debtor's Section 1983 claims against OBC were in any way determined to be "frivolous," "vexatious," or "abusive." OBC has repeatedly made these arguments to the District Court in Case No.1:13-cv-314-RWR, with no success.

Arguments in Support of Recusal

8. The Judge made highly inflammatory and prejudicial rulings against the Debtor that were not "rooted" in the Record, were not based upon any Record evidence, and

were contrary to the Record.   This is conclusive of Bias against the Debtor, and demonstrates the Judge would <u>not</u> be able to make any impartial rulings as to the Debtor.

9.   In view of the opinions of the Judge as to the Debtor's suit against OBC <u>not</u> being "rooted in the Record," they are "<u>ex parte</u>."  This violates Canon 3 (A)(4) of the Code of Judicial Conduct and is an independent basis for Recusal of the Judge. These improper <u>ex parte</u> contacts could have only come from OBC, in view of only it having a motive to discredit the Section 1983 claims against it for prosecutorial misconduct.

WHEREFORE, this Motion for Leave for Recusal is submitted in "good faith" and is necessary to obtain an impartial resolution of this proceeding. It is <u>not</u> duplicative.

Certificate of Good Faith by Counsel

I, Daniel Wemhoff, Esq., certify that I have reviewed the attached Affidavit and the supporting facts, and it is made in "good faith," and that Case Nos. 1:13-cv-314-RWR and 1:14-cv-346-CRC are prosecuted by me in "good faith" as counsel, and are based upon substantial facts and substantial law to vindicate rightful claims of the Debtor.

This the 26th day of August 2014,

Respectfully submitted,
      /s/
Daniel Wemhoff, Esq., D.C. Bar No. 420233
4600 South Four Mile Run, Suite 831
Arlington, VA 22204   Tel. 703-589-2199

CERTIFICATE OF SERVICE

I, Daniel Wemhoff, Esq., hereby certify that a copy of this Motion for Leave for Recusal was served the 26th day of August, 2014, by ECF to the following:

Nancy L. Alper, Esq., Office of the Attorney General
1100 Fifteenth St., N.W., Suite 800
Washington, DC 20005
                              /s/
                    Daniel Wemhoff, Esq.

3