# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN THOMAS YELVERTON, | |
| Appellant/Plaintiff, | |
| v. | Case No. 1:14-cv-00346 (CRC) |
| DISTRICT OF COLUMBIA, | Adversary Proceeding No. 10-10045 |
| Appellee/Defendant. | |

## MEMORANDUM OPINION AND ORDER

Debtor in bankruptcy Stephen Thomas Yelverton filed an adverse proceeding against the District of Columbia, arguing that it illegally seized and auctioned his car without proper notice. The bankruptcy court repeatedly informed Yelverton that he must move, in his main bankruptcy proceeding, to compel the trustee to abandon these litigation claims in order to have standing to bring them himself; Yelverton never did. The bankruptcy court thereafter granted the District's motion to dismiss for lack of standing. Yelverton appealed to the district court, which affirmed the bankruptcy court's dismissal. During his appeal, however, Yelverton filed a new bankruptcy schedule, listing his litigation claims against the District as exempt. He then filed a motion in the district court to compel the trustee to abandon his claims, which the district court remanded to the bankruptcy court. The bankruptcy court on remand denied Yelverton's motion to compel on the grounds that the underlying adversary proceeding had been dismissed and that the exemption did not retroactively affect the dismissal. Yelverton has now appealed the bankruptcy court's decisions on remand. For the reasons stated below, the Court affirms.

### I.   Background

Yelverton filed for Chapter 11 bankruptcy in May 2009, which was converted to Chapter 7 on August 20, 2010. That same month, Yelverton brought an adversary proceeding in bankruptcy

court against the District of Columbia ("D.C." or "District"), claiming that the city violated the Due Process Clause and committed an unlawful taking by seizing and auctioning, without notice, a 2006 Mercedes-Benz 350 SLK registered to Yelverton. Adversary Proceeding No. 10-10045, Compl. ¶¶ 1–5 (Bankr. D.D.C. Aug. 17, 2010). The District answered that it lawfully and with notice impounded the car because of unpaid tickets. Adversary Proceeding No. 10-10045, Answer ¶¶ 2–4 (Bankr. D.D.C. Sep. 17, 2010).

Following a status conference, the bankruptcy court found that, although the bankruptcy trustee had declined to participate in the adversary proceeding, Yelverton lacked standing to bring it unless he moved in his main bankruptcy case to obtain authority from the trustee. Adversary Proceeding No. 10-10045, Scheduling Conference Minutes (Bankr. D.D.C. Dec. 7, 2010). Yelverton, however, failed to compel abandonment, and the bankruptcy court stayed the case "until Yelverton's authority to pursue the action is established by an order in the main case or the trustee decides to pursue it[.]" Adversary Proceeding No. 10-10045, Order (Bankr. D.D.C. Feb. 15, 2011). The District then moved to dismiss the adversary proceeding and, after Yelverton failed to respond, the bankruptcy court granted the motion. Adversary Proceeding No. 10-10045, Order (Bankr. D.D.C. June 27, 2011).

Yelverton nevertheless appealed the dismissal to the district court, and the District moved to dismiss the appeal on the basis that Yelverton continued to lack standing. Before the district court ruled on the District's motion to dismiss, Yelverton filed a motion in the district court to compel the trustee to abandon the litigation claims. The district court granted the District's motion to dismiss the appeal for the same reasons the bankruptcy court did: until the Trustee actually abandoned the claims, Yelverton lacked standing to pursue them. No. 11-1467, Mem. Opinion, at 7–8 (D.D.C. Sep. 25, 2012). Yelverton filed a request for reconsideration and a motion for remand, arguing that he had filed an amended exemption schedule in the main bankruptcy proceeding on July 26, 2012

2

that exempted his claims against the District, and had thus gained standing. No. 11-1467, Mot. to Remand at 2–3 (D.D.C. Apr. 9, 2013). The district court denied Yelverton's motions, except it granted the motion to remand "for the limited purpose of allowing [the bankruptcy judge] to determine, <u>in the first instance</u>, whether any claims relating to the Mercedes became Yelverton's 'by way of abandonment or exemption.'" No. 11-1467, Order (D.D.C. Sep. 6, 2013) (emphasis in original).

On remand, the bankruptcy court denied Yelverton's motion and a subsequent motion to reconsider. Adversary Proceeding No. 10-10045, Mem. Decision on Remand (Bankr. D.D.C. Dec. 3, 2013); Adversary Proceeding No. 10-10045, Mem. Decision Regarding Plaintiff's Motion to Alter or Amend (Bankr. D.D.C. Jan. 3, 2013). The bankruptcy court stated that the remand was "effectively a routing to [the bankruptcy court] of the motion mis-filed in the district court appeal regarding the exemption of the claims, a motion that ought to have been filed in [the bankruptcy court] in the first instance." Mem. Decision on Remand at 8. It explained that Yelverton's exemption of his claims had no effect on the bankruptcy court's earlier dismissal. <u>Id.</u> at 12–13. Yelverton then brought this appeal of the bankruptcy court's decisions on remand. He has also filed a motion to correct the record on appeal.

## II.    Standard of Review

District Courts have jurisdiction to hear appeals from final judgments and orders of a bankruptcy court. 28 U.S.C. § 158(a). The court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard, Fed. R. Bankr. P. 8013, and reviews questions of law *de novo*. <u>In re Chreky</u>, 450 B.R. 247, 251 (D.D.C. 2001).

3

## III. Analysis

Yelverton's appeal boils down to a single question: whether, by listing his litigation claims as exempt, he retroactively obtained standing to pursue the adversary proceeding. The answer is "no."

It may be the case that *abandonment* of litigation claims retroactively returns the claims to the debtor as of the date he files for bankruptcy. See Moses v. Howard Univ. Hosp., 606 F.3d 789, 794–95 (D.C. Cir. 2010) (finding that a debtor gained standing to file an appeal when the trustee abandoned the underlying claims months after the debtor filed his appeal). Thus, had Yelverton compelled the trustee to abandon his claims he arguably would have retroactively obtained standing to bring them.[1] But Yelverton did not move to compel abandonment. Instead, he filed a new bankruptcy schedule that listed his litigation claims as exempt, to which the trustee appears not to have objected.

Listing property as exempt does not cause it to be abandoned. To compel a trustee to abandon property, the debtor must follow the statutory requirements of 11 U.S.C. § 554, which permits abandonment in only three circumstances: at the behest of the trustee after notice and a hearing; by order of the bankruptcy court after notice and a hearing; or if scheduled property is not otherwise administered by the close of the bankruptcy case. Id. None of these predicate requirements were met, despite the bankruptcy court's repeated instructions to Yelverton that he must compel the trustee to abandon his claims in order to obtain standing.

While abandonment of a claim by a trustee may retroactively provide a debtor with standing, claiming an exemption does not have an equivalent effect, as several courts have found.

---

[1] Even if the trustee had abandoned the claims in Yelverton's case, however, Moses did not address the effect of a later-in-time abandonment on an otherwise valid order of dismissal by a court. See In re Salander, 450 B.R. 37, 51–52 (Bankr. S.D.N.Y. 2011) (retroactive effect of abandonment of real property to petition date did not undo a post-petition release, pursuant to a court-approved settlement, of claims relating to the real property).

See Ball v. Nationscredit Fin. Servs. Corp., 207 B.R. 869, 872 (N.D. Ill. 1997) (finding that creditor who filed claim of exemption did not retroactively affect standing); In re Wilmoth, 412 B.R. 791, 799 (Bankr. E.D. Va. 2009) ("The Exemption would not relate back to the time the Debtor filed the state court lawsuit in order to retroactively give the Debtor standing to have commenced the action in the first instance."); cf. In re Adomah, 340 B.R. 453, 457–58 (Bankr. S.D.N.Y. 2006) (according standing *nunc pro tunc* to debtor based on unopposed exemption at the court's discretion, not as a matter of right). Likewise, courts regularly hold that abandonment of claims, not a filing of exemption, is required to retroactively accord a debtor standing. See Matter of Salzer, 52 F.3d 708, 711–12 (7th Cir. 1995) (finding that a debtor does not re-obtain an interest in exempt property until, at the earliest, when the time for filing objections to an exemption expires without objection); Marshall v. Honeywell Technology Solutions, Inc., 675 F. Supp. 2d 22, 26 (D.D.C. 2009) ("where nothing in the record shows that a trustee abandoned a debtor's cause of action, dismissing a complaint brought by the debtor for lack of standing is proper" (citation omitted)); Williams v. United Technologies Carrier Corp., 310 F. Supp. 2d 1002, 1011 (S.D. Ind. 2004) (finding that trustee's abandonment of claim retroactively provided debtor with standing and distinguishing Ball because it involved exempted property).

Indeed, the rational for the extraordinary retroactive effect of abandonment does not extend to exemptions. The abandonment rule theoretically prevents the following series of events: a debtor cannot maintain a suit during the pendency of bankruptcy because the suit is property of the estate; the trustee, through inaction, fails to pursue the litigation; and, after bankruptcy closes, the debtor is barred from bringing a new suit by the statute of limitations. See Williams, 310 F. Supp. 2d at 1011–12 (quoting Barletta v. Tedeschi, 121 B.R. 669, 674 (N.D.N.Y. 1990)). If a trustee fails to pursue a claim that was validly part of the estate through the close of bankruptcy, however, the claim will be abandoned pursuant to 11 U.S.C. § 554(c). Retroactively according the debtor

5

standing therefore mitigates the circumstances described above.  On the other hand, the debtor can list property as exempt from the start of a bankruptcy filing, and there is no hearing requirement before the exemption is effective.  See 11 U.S.C. § 522.  Thus, for example, the court in In re McLain, 516 F.3d 301 (5th Cir. 2008), refused to apply retroactive effect to a claim of exemption because doing so would have vindicated the debtor's earlier attempt to hide, through non-disclosure, property he now claimed was exempt.  Id. at 315

Yelverton cites to several cases which he argues demonstrate the retroactive effect of exempting property; they do not.  These cases merely instruct the court to consider the circumstances of the debtor when he filed for bankruptcy in determining the validity of a claimed exemption.  See In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990) ("exemptions are fixed on the date of filing, we focus only on the law and facts as they exist on the date of filing the petition"); In re Hope, 231 B.R. 403, 412 (Bankr. D.D.C. 1999) ("Exemptions under the Bankruptcy Code are *determined* on the petition date." (emphasis added)).  Thus, for example, property held by a married couple by the entirety at the time a debtor filed for bankruptcy would be exempt regardless of whether the couple divorced thereafter.

The prior order remanding Yelverton's motion to compel abandonment does not affect the outcome of this appeal.  As the bankruptcy court and the prior district court both stated, the district court's remand order merely corrected a procedural defect: Yelverton incorrectly filed a motion to compel abandonment of claims in the district court.  See No. 11-1467, Order (D.D.C. Sep. 6, 2013).  Remanding Yelverton's improperly-filed motion had no effect on the order of dismissal for lack of standing.  Accordingly, the case remained closed at all times and the bankruptcy court correctly determined that Yelverton's motion to compel must be denied.

## IV. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the Order Re Decision on Remand, 10-10045 Dkt. 36 is affirmed. It is further

**ORDERED** that the Order Denying Motion to Alter or Amend Decision Per Rule 59(e), 10-10045, Dkt. 41 is affirmed. It is further

**ORDERED** that [3] Plaintiff's motion to modify the record on appeal is denied as moot.

This is a final, appealable order.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:    October 7, 2014